### GEORGE B. RICHARDSON & another *vs.* MOSES POND.

By the Rev. Sts. c. 98, §§ 7, 12, an action for the obstruction of a right of way or other easement may be prosecuted after the death of one of two plaintiffs, by the survivor.

No easement of light and air is acquired by twenty years' possession and use of a window overlooking the land of another.

An action may be maintained for any building over or obstruction of a right of way, which renders the way low, or dark, or otherwise less convenient or useful to any appreciable extent for practicable purposes.

When a right of way is proved to exist by adverse use and enjoyment only, the ordinary use which establishes the right limits and qualifies it.

An action lies against the owner of land for erecting a building over a passage way in such a manner as to obstruct the plaintiff's right of depositing merchandise thereon, or hoisting merchandise into the windows of his adjoining building, and the incidental right of swinging his shutters over the passage way.

ACTION OF TORT for obstructing the light and air of ancient windows in the plaintiffs' building; for obstructing a passage way appurtenant to the plaintiffs' estate, by erecting a post in and building over it; for obstructing and preventing the accustomed opening of the ancient shutter of another window in the plaintiffs' building; and for obstructing the plaintiffs' use of the passage way as a place to deposit boxes and merchandise, and over which to receive light and air into the plaintiffs' building, and hoist merchandise into their windows.

Pending the action one of the plaintiffs died, having devised his title to third persons. At the trial the following facts were agreed:

The plaintiffs and the defendant owned adjoining estates, appurtenant to each of which was a right of passage over the way in question, which passed in part over the land of each. Before the acts complained of, the passage way ran between the buildings of the parties, (which had always been used as warehouses,) and was entirely open and uncovered, except that at the entrance of the way on the defendant's land stood an iron gate opening in the middle into two parts, secured when shut by a padlock and a bolt fastening one side to the ground, with two horizontal bars and eight or ten perpendicular bars in each part, of which the one nearest each building turned at the

lower end in a cup set in a short bar of iron, five and a half inches long, and fastened to the building, and at the top passed through a horizontal stationary bar running across from building to building.

In 1852 the defendant removed this gate; erected a similar gate in its place, of which, however, the part next his building cannot be taken off; and, at about the spot where it had been attached to the plaintiffs' building, erected an iron post, let into the ground, and supported by a stone rising about an inch higher than the previous position of the short bar; and erected a building across that portion of the passage way of which he owned the fee, about an inch above the stationary iron bar of the old gate.

In the plaintiffs' building were windows which had been there thirty years, overlooking the passage way, with ancient shutters swinging over it, which, after the erection of the defendant's building, swung back in a recess left for the purpose, except one, which was prevented by the wall of his building from swinging back farther than at right angles with the window.

*Bigelow*, J. reserved the case, by consent of parties, for the consideration of the full court, to be referred to an assessor after the determination of the following questions of law:

1st. Whether the surviving plaintiff could maintain the action.

2d. Whether an action would lie for obstructing the light and air of the ancient windows.

3d. Whether the passage way had been obstructed by the post or the building erected by the defendant.

4th. Whether there was any right of action for the obstruction of the swing of the shutters.

5th. Whether, if it could be proved that the plaintiffs for more than twenty years had used the passage way for the purpose of depositing boxes or merchandise therein, or of hoisting merchandise into the windows of his warehouse, or had been accustomed to take in articles over the old gate, he had acquired any rights which would enable him to maintain the action

This case was argued at March term 1859.

*C. A. Welch*, for the plaintiff, cited Rev. Sts. *c.* 93, § 12; *Cook* v. *Massachusetts Bank*, November term 1843; *Atkins* v. *Bordman*, 2 Met. 465, 467; *Johnson* v. *Kinnicutt*, 2 Cush. 153; *Salisbury* v. *Andrews*, 19 Pick. 258; *Hyde* v. *Middlesex*, 2 Gray, 270; *Bower* v. *Hill*, 1 Bing. N. C. 549; *Underwood* v. *Carney*, 1 Cush. 292; *Appleton* v. *Fullerton*, 1 Gray, 192; *Pollard* v. *Barnes*, 2 Cush. 191; *Drewell* v. *Towler*, 3 B. & Ad. 735; *Manning* v. *Wasdale*, 5 Ad. & El. 758; *Race* v. *Ward*, 4 El. & Bl. 702; Gale & Whatley on Easements, 3; 1 Crabb on Real Property, 413.

*D. Thaxter*, (*S. Bartlett* with him,) for the defendant.

Bigelow, J. 1. By the Rev. Sts. *c.* 93, § 7, actions of trespass and trespass on the case for damage done to real estate survive; and by § 12 of the same chapter, when there are several plaintiffs in a personal action which survives, and any of them die, the action may proceed at the suit of the surviving plaintiff.

2. The plaintiff cannot maintain his action for obstructing the passage of air and light through an ancient window. He shows no title to such easement or privilege, except such as is supposed to be derived from adverse use for more than twenty years. In the case of *Carrig* v. *Dee*, 14 Gray, 583, it was held that a right to the passage of air and light through a window could not be acquired by a mere use of a window swinging out on hinges and overlooking the estate of another for a period of time exceeding twenty years; and that no action could be maintained for the erection of a wall on the adjoining estate which wholly obstructed such window.

3. The way prescribed for was on the evidence a way established and defined by fixed limits. If the erection of an iron post let into the ground and supported by a stone, in place of the short bar of iron fastened to the building, caused the way to be narrowed, so that the new gate erected by the defendant furnished a passage less convenient and useful to any appreciable extent for practicable purposes than the old gateway, then it would constitute an obstruction of the right of way for which the plaintiff can maintain an action, and for which damages may be assessed.

4. If the plaintiff had no other right except a right of way through the old gate, then the question is whether the erection of the building over the passage way created any substantial obstruction. The original permanent iron bar across the top of the gate would necessarily operate to prevent any load of greater height than such bar from passing under it into the passage way. Where a right of way is proved to exist by adverse use and enjoyment only, the common and ordinary use which establishes the right also limits and qualifies it. Therefore, if the plaintiff, having proved his right of way, also establishes by evidence that the erection of the building over it renders it so low and dark, or otherwise interferes with and obstructs it, so as to make its use for practical purposes less convenient and beneficial than heretofore, he has a right to recover in this action for the damages which he has thereby sustained. But if he fails to prove such interference or obstruction, then he cannot recover on this ground of action.

5. If the plaintiff can prove that for more than twenty years prior to the obstruction he and those under whom he claims have been in the constant, continuous and uninterrupted use of the passage and gateway; and of the area or surface of the passage way for hoisting goods, wares and merchandise in boxes, bales or other packages over the top of the iron bar above the gate; and for placing, storing and keeping such boxes, bales or other packages in and upon the area and surface; and also for carrying in and hoisting up such boxes, bales and other packages in and over the gate and passage way, and into the windows of the plaintiff's warehouse, opening into and over the passage and the area or surface thereof; and, as incidental to such right, the privilege or easement of opening and swinging the shutters of the plaintiff's warehouse over such passage way; then the plaintiff can maintain an action against the defendant for interfering with and obstructing such right, privilege, use and easement in any of the particulars hereinbefore enumerated, and can recover damages for such interference and obstruction

*Case referred to an assessor.*